1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| GREGORY DOWNS, | Civil No.    14-1745 MMA (PCL) |
|---|---|
| Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |
| v. | |
| F. FOULK, Warden | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis.  Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice.  See Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents.  Petitioner alleges a "violation of his First Amendment right to access to court and [requests] appointment of counsel under the Americans with Disabilities Act

1   (ADA)."  (Pet. at 13.)  Petitioner's claims are  not cognizable on habeas because they

2   do not challenge the constitutional validity or duration of confinement.  See 28 U.S.C.

3   § 2254(a); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Heck v. Humphrey, 512

4   U.S. 477, 480-85 (1994).  "Section 2254 applies only to collateral attacks on state

5   court judgments." McGuire v. Blubaum, 376 F. Supp. 284, 285 (D. Ariz. 1974).

6        Petitioner does not claim that his state court conviction violates the Constitution

7   or laws or treaties of the United States.  Indeed, in his Petition, Petitioner

8   acknowledges that he is not attacking a conviction, rather he is alleging an ADA

9   violation.  (Pet. at 1.)  Rule 4 of the Rules Governing Section 2254 Cases provides for

10  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the

11  petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

12  district court."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it is plain from the petition that

13  Petitioner is not presently entitled to federal habeas relief because he has not alleged

14  that the state court violated his federal rights.

15       Challenges to the fact or duration of confinement are brought by petition for a

16  writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of

17  confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983.  See

18  Preiser, 411 U.S. at 488-500.  When a state prisoner is challenging the very fact or

19  duration of his physical imprisonment, and the relief he seeks is a determination that

20  he is entitled to immediate release or a speedier release from that imprisonment, his

21  sole federal remedy is a writ of habeas corpus. Id. at 500.  On the other hand, a

22  § 1983 action is a proper remedy for a state prisoner who is making a constitutional

23  challenge to the conditions of his prison life, but not to the fact or length of his

24  custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12

25  (10th Cir. 1997).  It appears that Petitioner challenges the conditions of his prison life,

26  but not the fact or length of his custody.  Thus, Petitioner has not stated a cognizable

27  habeas claim pursuant to § 2254.

28  ///

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the petition without prejudice for failure to satisfy the filing fee requirement and failure to state a cognizable claim on habeas corpus.  The Clerk of Court is instructed to enter judgment in accordance herewith and terminate this action.

**IT IS SO ORDERED.**

DATED:  August 4, 2014

Hon. Michael M. Anello
United States District Judge

14cv1745